HAYNES PILLSBURY & others, petitioners for appointment of trustee, *vs.* CONSOLIDATED EUROPEAN· & NORTH AMERICAN RAILWAY COMPANY.

Penobscot.     Opinion April 23, 1879.

*Trustee.  Vacancy.  Successor.  Appointment.*

The defendant corporation mortgaged certain real and personal estate to two trustees to hold and manage for the protection and security and ultimate payment of those holding their bonds. The deed of trust provided that, in case of death, mental incapacity or resignation of either of said trustees, for the time being, in the trusts therein set forth, all the estate, right, interest, power and control of such trustee shall be divested and cease, and the supreme judicial court of this state shall, upon request in writing of one or more of its bondholders, or of the directors of said corporation, appoint such successor.

One of said trustees having deceased, and a majority in interest of said bondholders having filed a petition for the appointment of one to fill the vacancy; after notice and·hearing, such trustee was appointed and accepted the trust, and the court ordered that the surviving trustee, named in the mortgage, execute forthwith all proper conveyances to vest title in such co-trustee.

*Held,* that R. S., c. 51, § 47, as amended, 1876, c. 105, only applies "when no other method of filling vacancies is specifically provided in the appointment, special law, or mortgage," and the appointment, in this case, being made in the mode provided in the deed of trust, is not in violation of that statute, but in accordance with Stat. 1876, c. 8, and is properly authorized by law.

*Held,* that the order requiring the surviving trustee to execute proper conveyances so as to vest title in his co-trustee, being in accordance with the terms of the deed of trust, and with the Stat. 1878, c. 8, § 2, is good.

*Held,* that the cumberous proceedings of a bill in equity, in case of this character, and for the purpose here to be accomplished, are rendered unnecessary by the laws of this state.

ON EXCEPTIONS.

On the 5th day of December, 1872, a certain indenture, under seal, was made and executed by the Consolidated European & North American Railway Company, party of the first part, and Samuel F. Hersey and Benjamin E. Smith, trustees upon certain trusts therein specified and provided, party of the second part, wherein said corporation mortgaged certain real and personal estate to said trustees to hold and manage for the protection and

security, and ultimate payment of those holding its bonds. The petition, upon which these proceedings were had, recites the nature of that indenture, which, among other things and conditions therein stipulated, provided as follows : " 11th. It is hereby agreed that either of said trustees may resign ; such resignation is to take effect sixty days after notice thereof in writing to said party of the first part, or to his co-trustee. In case of the death, mental incapacity or resignation of either of said trustees, for the time being, in the trusts herein set forth, all the estate, right, interest, power and control of such trustee, shall be divested and cease ; and the supreme judicial court of said state of Maine, shall, upon the request in writing of one or more of said bondholders, or of the directors of said party of the first part, appoint such successor."

On the third day of February, 1875, said Hersey died.

On the fourteenth day of September, 1878, these petitioners made the following petition, to wit:

" To the supreme judicial court next to be holden at Bangor, in and for the county of Penobscot, on the first Tuesday of October, next.

" Respectfully represents the undersigned bondholders of the Consolidated European & North American Railway Company, holding and representing a majority of all the bonds issued by said railway company, a corporation established by law, and having a place of business at Bangor, in the county of Penobscot and state of Maine, that, on the fifth day of December, A. D. 1872, said Consolidated European & North American Railway Company, as party of the first part, and Samuel F. Hersey, of Bangor aforesaid, and Benj. E. Smith, of Columbus, in the state of Ohio, parties of the second part, entered into a certain indenture of that date, whereby said railway company did grant, bargain, sell and convey and transfer to said Hersey and Smith certain real estate, and lands and timber thereon standing, situated on the waters of the St. John and Penobscot rivers, containing a million acres, more or less, being the lands, &c., granted to said company by the state of Maine, together with all its right, title and interest in and to, all and singular, its property, real and personal, of whatever

nature and description, then possessed or thereafter to be acquired, including its railroad equipments and appurtenances between said Bangor and St. John, New Brunswick, together with all its rights, privileges, franchises and easements, with its branches, all buildings used in connection therewith or the business thereof, and all lands and grounds on which the same may stand or connected therewith; also all locomotives, tenders, cars, rolling stock, machinery, tools, implements, fuel materials and all other equipments for the construction, maintaining, operating, repairing and replacing the said railway or its appurtenances, or any part thereof.

" To have and to hold to said Hersey and Smith, in trust and for certain purposes named in said indenture. And in and by said indenture it was and is provided that, in case of the death of either of said trustees, parties of the second part, the supreme judicial court of said state of Maine shall, upon the request in writing of one or more of the bondholders of said bonds named in said indenture, or of the directors of said party of the first part, appoint his successor as trustee under said indenture. And your petitioners represent that, on the third day of February, A. D. 1875, said Samuel F. Hersey deceased, at Bangor aforesaid.

" Wherefore they, holding and representing a majority of all bonds issued as aforesaid, pray that your Honors will appoint some suitable person as trustee under said indenture, and as successor of said Samuel F. Hersey, and pass such other orders as required by law in the premises.

" Dated at Bangor, this fourteenth day of September, A. D. 1878. Haynes Pillsbury & Co. By F. A. H. Pillsbury."

Upon which petition the following order was made :

" State of Maine. Penobscot ss. September 14, 1878. Supreme judicial court in vacation. Ordered, that said petitioners give notice to all persons and corporations interested of the pendency thereof, by publishing an attested copy of said petition, and this order of court thereon, two weeks successively in the Bangor Weekly Courier, a paper published in Bangor, in the county of Penobscot, the last publication to be before the first Tuesday of October, next. John A. Peters, Justice S. J. Court."

At said October term it was proved that notice had been given as ordered. At said term Charles P. Stetson, a counselor of said court, appeared and entered upon the docket a desire to be heard in appointment of trustee. Said action was then continued to the following January term, when, after hearing, on the seventh day thereof, Edward Cushing of Camden was appointed trustee, and accepted the appointment, and it was ordered, thereupon, that B. E. Smith, named in said mortgage, forthwith execute all proper conveyances to vest title in such co-trustee.

Upon the twenty-third day of said term, the " Consolidated E. & N. A. R. Co., by Chas. P. Stetson, their attorney," appeared, and alleged exceptions " to the appointment of Edward Cushing as trustee, and to the order of said court ' that B. E. Smith, trustee named in the mortgage, execute forthwith all proper conveyances to vest title in such co-trustee.' " Said exceptions were allowed, with right to either party to refer to docket entries.

*L. Barker, T. W. Vose & L. A. Barker,* for the petitioners.

*C. P. Stetson,* for the railway company, contended:

I. The appointment of trustee should be made only on a bill in equity, filed by and against proper parties, and praying for the desired relief. Hill Trus., §§ 194, 195. Abbott, Pet. in Eq., 55 Maine, 580, 592.

II. Before application to the court, proceedings should have been had as provided by R. S., c. 51, § 47, amended 1876, c. 105. In this case no such proceedings were had. " No regular meeting of bondholders." " No election of new trustee by ballot." " No presentation of such proceedings to court."

III. The court had no authority to make the order, or decree, that " Smith should execute forthwith all proper conveyances to vest title in such co-trustee." Smith is a party directly interested, and should have been made a party to the proceedings, should have had notice and full opportunity to answer and show reason why such decree should not be made. Hill Trus., and Abbott, Pet., *supra.* U. S. Dig. N. S. 1873, page 691. *Ogden* v. *Kip*, 6 Johns. Ch. 160. Story Eq. Plead., § 75. *Morse* v. *Machias*, 42 Maine, 119, 129.

APPLETON, C. J.   On December 2, 1872, the defendant corporation mortgaged certain real and personal estate to Samuel F. Hersey and Benjamin E. Smith, as trustees to hold and manage the same for the protection and security and ultimate payment of those holding their bonds.

By article eleven it is provided that, " in case of the death, mental incapacity or resignation of either of said trustees, for the time being, in the trusts herein set forth, all the estate, right, interest, power and control of such trustee shall be divested and cease ; and the supreme judicial court of said state of Maine shall, upon the request in writing of one or more of said bondholders, or of the directors of said party of the first part, appoint such successor."

Samuel F. Hersey, one of the trustees, having deceased, a majority in interest filed a petition for the appointment of one to fill the vacancy.   Notice to all persons and corporations interested was ordered to be and was duly given.   At the time designated for hearing, counsel appeared for the defendant and, according to the docket entry, desired " to be heard on the appointment of trustees."

At the hearing a trustee was appointed, who accepted his appointment, and the court ordered that B. E. Smith, the trustee named in the mortgage, execute forthwith all proper conveyances to vest title in such co-trustee.

Notice having been duly given, and the defendants having been heard as to the person to be appointed, the decision of the presiding justice making the appointment is not subject to exception. At any rate no objection is made to the fitness of the person named.

It is objected that the prior proceedings, as provided by R. S., c. 51, § 47, as amended by the act of 1876, c. 105, have not been had.   But, by c. 105, the provision for a meeting of the bondholders and the choice of a trustee does not apply, except " when no other method of filling vacancies is specifically provided in the appointment" of trustees.   Here it is done, and the mode provided in the deed of trust has been followed.

By the act of 1878, c. 8, where in the deed of trust " no ade-

quate provision is made for supplying the vacancy," it may be filled by this court, " after notice to all persons interested," as has been done.

The defendants cannot except to the order requiring Smith to execute proper conveyances so as to vest title in his co-trustee. Such order is in accordance with the terms of the trust deed and with the act of 1878, c. 8, § 2, which provides that, " upon the appointment of a trustee under the preceding section, the court may order such conveyance to be made by the former trustee, or his representative, or by the other remaining trustee, as may be proper or convenient to vest in such trustee, either alone or jointly with the other, the estate and effects to be held in trust."

The proceedings in England are by bill in equity for the appointment of a new trustee, and the court usually in the decree appointing one embraces a direction for a proper conveyance to be executed to him alone, or to him jointly with the continuing or remaining trustees, by all the requisite parties, whether remaining trustees, or heirs and representatives of the last survivor or trustees, who have been removed from office.   Perry on Trusts, § 284.   With us the cumberous proceedings of a bill are rendered unnecessary by the provisions of our statute.

The trustee, Smith, has not entered an appearance, and if he had, it is not perceived what objections he could have to making all proper conveyances as ordered.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.